UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WEAVER, : | |
| Plaintiff : | CIVIL ACTION NO. 3:13-1634 |
| v. : | |
| : | (JUDGE MANNION) |
| DOUGLAS W. HERMAN, : | |
| CHARLES C. BROWN, JR., | |
| MICHAEL O. PALERMO, JR., : | |
| DAVID R. BRESCHI, | |
| DANIEL KEEN, JOHN DOE, and : | |
| THE FRANKLIN COUNTY JAIL, | |
| : | |
| Defendants | |
| : | |

# **M E M O R A N D U M**

Pending before the court is the report of United States Magistrate Judge Karoline Mehalchick assigned to the instant matter, (Doc. No. 16), which recommends that the plaintiff's motions to remand, (Doc. No. 5, Doc. No. 10), be granted and the defendants' motion to dismiss the plaintiff's complaint, (Doc. No. 2), be denied as moot. Upon review of the report and the defendants' objections thereto, the court will adopt the report of Judge Mehalchick[1].

---

[1] It is noted that because the court is disposing of the defendants' motion to dismiss without considering the merits, that motion will be dismissed as moot, rather than denied as moot. Counsel may re-file that motion, upon remand, in the Court of Common Pleas as allowed by that court.

By way of relevant background, on May 10, 2013, the plaintiff, an inmate at the State Correctional Institution at Laurel Highlands, ("SCI-Laurel Highlands"), Somerset, Pennsylvania, filed the instant action in the Court of Common Pleas of Franklin County, in which he alleges various federal and state law claims. On May 28, 2013, the complaint was served on the defendants. On June 18, 2013, a petition for removal was filed on behalf of defendants Keen and the Franklin County Jail, ("removing defendants"), who indicated therein that the notice of removal had been served June 17, 2013, on plaintiff, defendants and the Prothonotary of the Court of Common Pleas of Franklin County[2]. (Doc. No. 1).

A motion to dismiss the plaintiff's complaint was filed on behalf of the removing defendants on June 24, 2013, (Doc. No. 2), with a supporting brief filed on July 3, 2013, (Doc. No. 4). The plaintiff filed a brief and memorandum of law in opposition to the motion to dismiss on July 11, 2013. (Doc. No. 8, Doc. No. 9). A reply brief was filed on behalf of the removing defendants on July 26, 2013. (Doc. No. 12).

In the meantime, on July 5, 2013, the plaintiff filed his first motion to remand. (Doc. No. 5). On July 11, 2013, the plaintiff filed a second motion to

---

[2]A certificate of service attached to the notice indicates that the plaintiff, defendants, and the Prothonotary of the Court of Common Pleas of Franklin County were served on June 18, 2013.

remand. (Doc. No. 10). Upon direction by the court, (Doc. No. 7), a brief in support of the plaintiff's latter motion to remand was filed on July 29, 2013. (Doc. No. 13). The removing defendants filed a brief in opposition to the plaintiff's motions on August 12, 2013. (Doc. No. 14).

On December 4, 2013, Judge Mehalchick issued her report, in which she recommends that the plaintiff's motions for remand be granted and the removing defendants' motion to dismiss the plaintiff's complaint be denied as moot. (Doc. No. 16). The removing defendants filed objections to Judge Mehalchick's report, (Doc. No. 17), along with a supporting brief, (Doc. No. 18), on December 11, 2013, and December 26, 2013, respectively.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself

3

that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In her report, Judge Mehalchick determined that the "rule of unanimity" set forth in 28 U.S.C. §1446 was not satisfied. To this extent, the defendants were served with the plaintiff's complaint on May 28, 2013. The removing defendants filed a notice of removal on June 18, 2013. However, as found by Judge Mehalchick, nowhere in the notice of removal is there any indication that the remaining defendants joined in the removal, nor did they file their consent to removal within the applicable thirty day period for removal to be proper.

As discussed by Judge Mehalchick, unless an exception applies[3], the rule of unanimity requires that <u>all</u> defendants join in the notice of removal or

---

[3]The removing defendants do not argue that any of the exceptions to the rule of unanimity apply.

give their consent to removal within the thirty day period provided for in 28 U.S.C. §1446(b). Failure of all defendants to join in the notice of removal or properly consent creates a procedural defect in removal, which is a proper basis for a motion to remand pursuant to 28 U.S.C. §1447(c).

Here, there is no dispute that the defendants were served with the complaint on May 28, 2013. The removing defendants filed their notice of removal on June 18, 2013. However, as found by Judge Mehalchick, nowhere in the notice of removal is there any indication that the remaining defendants joined in the removal. Upon receiving the plaintiff's motions for remand, the removing defendants filed a "Certificate of Counsel," dated August 12, 2013, seventy-six days after the defendants were served with the complaint, which indicates that "[t]he undersigned counsel hereby certifies that he sought consent from all Defendants in the removal of this action and that all Defendants advised that they consented to removal." (Doc. No. 14, Ex. A). According to the removing defendants' objections, this certificate establishes that removal was proper. However, there is no indication in the certificate as to when counsel sought consent or when consent was given. Further, despite being served with the complaint on May 28, 2013, and filing notices of appearance in this action, (Doc. No. 11, Doc. No. 15), the remaining defendants still have not manifested consent to the removal of this action, and

any attempt to now do so would clearly be untimely.

Because not all of the defendants joined in the notice of removal in this action and there is no evidence on the record that they consented to the removal with the required thirty-day period required by §1446(b), the court will adopt the report of Judge Mehalchick granting the plaintiff's motions to remand and will dismiss as moot the defendants' motion to dismiss the plaintiff's complaint. An appropriate order shall issue.

s/ *Malachy E. Mannion*<br>**MALACHY E. MANNION**<br>**United States District Judge**

**Date:  January 23, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1634-01.wpd